P. B. COOPER *v.* B. J. COOPER'S ADM'R.

**Depositions—Of Deceased Witness—Use on Subsequent Trial.**

The deposition of a deceased witness which was used on the former trial may be used in the subsequent trial involving the same issues.

**Evidence—Burden of Proof.**

The burden is on the plaintiff to establish his claim, and upon the defendant to establish his cross-demand or set-off against the plaintiff.

. APPEAL FROM MARION CIRCUIT COURT.

September 13, 1873.

OPINION BY JUDGE PRYOR:

The depositions of the witnesses who had died prior to the last trial having been taken between the same parties upon a former trial upon the same issues were competent to be read as testimony and are certainly more satisfactory as to what the witnesses stated than when such statements are reduced to writing by counsel and made part of the bill of evidence, although either might have been offered and read.

The answers filed by the appellant and appellee, the one to the original and amended petition, and the other to the set-off, and both in substance pleas of payment, and the only issues to be tried were: Had the appellants paid the claims sought to be recovered in the original petition, and had the appellee satisfied that relied upon by way of set-off.

The paragraph in the answer alleging that it was agreed that the claims of appellant should be set off against the claims of appellee and the balance due either way to be paid to the party entitled is either a plea of payment or set-off.

If a set-off, it is admitted by the answer, and payment relied on, and if regarded as a plea of payment no answer was required.

The administrator of Benj. Cooper assumed the burden of showing that he had paid the account relied on as a set-off.

The court properly refused to instruct the jury that if it was agreed by the parties that one account should settle the other they must find for the defendant. The plaintiff was required to show

that the defendants had been paid and in some other way than with the claims he, the plaintiff, was seeking to recover.

The issue was fairly presented to the jury and conflicting testimony upon the questions made. This is the third verdict upon these same issues, and after a careful consideration of the facts proven we think the verdict was right and certainly not so palpably against the evidence as to require this court to interfere.

The depositions read show upon their face that they were taken touching the same issues and between the same parties.

Judgment *affirmed*.

Judge Hardin not sitting.

*Harrison, for appellant.*

*Hill, for appellees.*